# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

RONALD H. DAVIS

| | |
|---|---|
| Chapter: | 13 |
| Case No.: | 5-18-bk-03023 RNO |

RONALD H. DAVIS

**Plaintiff(s)**

vs.

BANK OF AMERICA, N.A.
UNKNOWN BIFURCATED DEBT BUYERS

**Defendant(s)**

| | |
|---|---|
| Adversary No.: | 5-18-ap-00143 RNO |
| Document No.: | 8 |
| Nature of Proceeding: | Motion to Dismiss Adversary Proceeding |

## OPINION[1]

The pro se Chapter 13 Debtor filed a Complaint which challenges a pre-petition state court judgment in mortgage foreclosure by the Defendant/Bank. I will grant the Defendant's Motion to Dismiss for lack of subject matter jurisdiction, with prejudice.

### I. Jurisdiction

This Court has apparent jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

### II. Procedural History

Ronald H. Davis ("Davis / Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 23, 2018 ("Chapter 13 Filing"). The Chapter 13 Filing remains open and no Chapter 13 plan has been confirmed as of the date of this Opinion. The case was

---

[1] Drafted with the assistance of Timothy R. Powell, Law Clerk.

1

reassigned to me on February 13, 2019, due to the untimely passing of my colleague, the Honorable John J. Thomas.

This Adversary Proceeding was commenced on December 3, 2018, when Davis filed what is titled "Adversary Pleading" ("Complaint"). The Complaint names as Defendants, Bank of America, N.A. ("BOA"), Successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, Unknown Bifurcated Debt Buyers, PK&A Powers Kirn & Associates, LLC.

The Complaint was filed by Davis, pro se, as a self-represented party. The Complaint does not include certain standard provisions, including a wherefore clause. In summary fashion, I note that the Complaint challenges a judgment in mortgage foreclosure which was obtained by BOA in the Court of Common Pleas of Monroe County and concerns real property located on Marvin Terrace, Tobyhanna, Pennsylvania ("Residence"). Compl., ¶ 19, p. 5, ECF No. 1. The Complaint also includes:

> The mortgage itself of 2006, along with the judicial judgment of Aug/2016 was discharged in a Chapter 7 filing 2017 [sic] without objection.

Compl., ¶ 19, p. 5, ECF No. 1. In the last paragraph of the Complaint, Davis states, in part, "[t]he plaintiff wants to vacate the sheriff's sale, the final judgment . . .". Compl., ¶ 31, p. 8, ECF No. 1.

On December 20, 2018, BOA filed the Motion of Defendant Bank of America, N.A. to Dismiss Debtor's Adversary Complaint ("Motion"). The Motion was supported by a memorandum of law filed on the same date. The Motion alleges that the relief sought in the Complaint is barred by several doctrines, including the *Rooker-Feldman* Doctrine.

Briefs were filed in support of and in opposition to the Motion and a hearing was held on February 21, 2019. The Motion is now ripe for decision.

Federal Rule of Evidence 201 allows a federal court to take judicial notice of facts that are not subject to reasonable dispute. A bankruptcy court may take judicial notice of the docket entries in a case and the contents of the bankruptcy schedules to determine the timing and status of case events, as well as facts not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, at *12 n.19 (Bankr. E.D. Pa., Jan. 11, 1991). Further, a bankruptcy court may take judicial notice of its own records, as well as the records of other courts in related matters. *In re Meltzer*, 516 B.R. 504, 506 n.2 (Bankr. N.D. Ill. 2014); *SG & Co. Northeast, LLC v. Good*, 461 B.R. 532, 535 n.3 (Bankr. N.D. Ill. 2011).

I will take judicial notice of the docket entries in the Chapter 13 Filing, as well as the docket entries in this Adversary Proceeding. I will also take judicial notice of the docket entries entered in a Chapter 7 bankruptcy case filed by Davis to Case No. 5-17-bk-00624 on February 17, 2017 ("Chapter 7 Filing"). I will also take judicial notice of the docket entries in an action captioned *Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP v. Tanya X. Edward and Ronald H. Davis*, No. 4386-CV-2014, in the Court of Common Pleas of Monroe County, Pennsylvania ("State Foreclosure Action").

### III. Discussion

#### A. Review of Pro Se Pleadings

The pleadings of pro se litigants are construed liberally. Such pleadings, "however inartfully pleaded" are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, (1972); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). However, "a court need not credit a [pro se] complaint's bald assertions or legal conclusions." *Burrell v. Ross*, 2013 WL 3097320, at *3 (M.D. Pa., June 18, 2013) (quoting *Morse v. Lower Merion Sch. Dist.*,

132 F.3d 902, 906 (3d Cir. 1997)). Also, the relaxed review of pleading formalities does not excuse a lack of legal knowledge or legal resources. *U.S. v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

I will review the formalities of the Complaint with a somewhat relaxed standard consistent with the above authority.

B. **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A motion to dismiss for lack of subject matter jurisdiction can be filed at any time in a case. *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S. Ct. 906, 915 (2004); *CNA v. U.S.*, 535 F.3d 132, 145-46 (3d Cir. 2008). Federal Rule of Civil Procedure 12, which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, provides that the lack of subject matter jurisdiction may be raised by a motion to dismiss. Fed. R. Civ. P. 12(b)(1); *Berardi v. Swanson Memorial Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 199 (3d Cir. 1990); *In re Settlers' Housing Service, Inc.*, 540 B.R. 624, 630 (Bankr. N.D. Ill. 2015) (a Rule 12(b)(1) motion challenges the court's subject matter jurisdiction and the court has authority to determine whether it had jurisdiction to hear a particular case).

I find that the Motion squarely raises the question of whether I have subject matter jurisdiction over the Complaint.

I view the Motion as a facial attack on the Complaint. Such an attack contests the sufficiency of the pleading. *Common Cause of PA v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009). Since this is a facial attack, I will view the well-pleaded facts in the Complaint in the light most favorable to Davis as the non-moving party. *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 561 (3d Cir. 2005).

C. **Does the *Rooker-Feldman* Doctrine Deprive the Court of Jurisdiction Over the Complaint?**

The *Rooker-Feldman* Doctrine provides that appeals from final state court judgments can only be taken to the U.S. Supreme Court. Inferior federal courts, such as federal district courts

4

and bankruptcy courts, can only exercise original, not appellate, jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283, 125 S. Ct. 1517, 1521 (2005); *In re Stuart*, 367 B.R. 541, 547-48 (Bankr. E.D. Pa. 2007).

The *Rooker-Feldman* Doctrine applies to federal bankruptcy courts. *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009); *see also In re Washington*, 469 B.R. 587, 593 (Bankr. W.D. Pa. 2012).

The Complaint seeks to challenge the judgment entered in the State Foreclosure Action on several alleged bases. In viewing the facts pled in the light most favorable to Davis, I find that the Complaint seeks to challenge the state court judgment by alleging lack of standing, lack of proper service, and the purported effect of a bankruptcy discharge in the Chapter 7 Filing. The Complaint also suggests that BOA violated the automatic stay which was imposed by the Chapter 13 Filing.

The Third Circuit Court of Appeals has held that four requirements must be met for the *Rooker-Feldman* Doctrine to apply:

> (1) the federal plaintiff lost in state court;
>
> (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments";
>
> (3) those judgments were rendered before the federal suit was filed; and
>
> (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (*citing Exxon Mobil*, 544 U.S. at 284).

The *Rooker-Feldman* Doctrine has been held to bar challenges to state court mortgage foreclosure judgments in the federal courts. *Gage v. Wells Fargo Bank, NA AS*, 521 Fed. Appx. 49, 51 (3d Cir. 2013) (where the essential elements of the complaint were to attack the state court judgment of foreclosure, and to have the deed to the property restored to the plaintiff, the claims

5

were properly dismissed under the *Rooker-Feldman* Doctrine); *see also In re Faust*, 353 B.R. 94, 100 (Bankr. E.D. Pa. 2006) (count of federal court seeking rescission of mortgage subject to state foreclosure judgment barred by the *Rooker-Feldman* Doctrine); *In re Schmid*, 494 B.R. 737, 746 (Bankr. W.D. Wis. 2013). Next, I will apply the four requirements for the application of the *Rooker-Feldman* Doctrine which were discussed in *Great Western Mining*.

First, did the federal plaintiff lose in federal court? Exhibit "A" to the Motion is a July 6, 2015, judgment in mortgage foreclosure in the State Foreclosure Action ("Judgment"). The Judgment names as defendants, Davis and Tanya X. Edward. Exhibit "C" to the Motion is an order entered in the State Foreclosure Action finding that the Superior Court of Pennsylvania quashed the defendants' appeal and that no further appeal was taken from that order, making the Judgment final on January 29, 2016. I find that Davis lost in the State Foreclosure Action.

The second requirement for the *Rooker-Feldman* Doctrine to apply is that the plaintiff complains of injuries caused by the state court judgment. The gravamen of Davis' Complaint, as I understand it, is to void the judgment and to grant him title to the mortgaged premises, the Residence. I find that Davis is complaining of injuries caused by the Judgment. *Mohammed v. Wells Fargo, N.A.*, 2016 WL 446633, at *5 (M.D. Pa., Jan. 11, 2016) (the portion of a complaint complaining of an adverse state mortgage foreclosure judgment and the sheriff's sale procedure complains of harm caused by the state court judgment and is barred by the *Rooker-Feldman* Doctrine).

The third requirement for the application of the *Rooker-Feldman* Doctrine is that the state court judgment was rendered before the federal suit was filed. I take judicial notice that the Judgment in the State Foreclosure Action became final on January 29, 2016. I also take judicial notice that the Complaint, which initiated this Adversary Proceeding, was filed on December 3, 2018. I find that the Judgment became final more than two and one-half years before this Adversary Proceeding was filed.

The fourth requirement for the *Rooker-Feldman* Doctrine to apply is that the plaintiff, Davis, is asking the Bankruptcy Court to review and reject the Judgment. I find that this requirement has also been met. Each of the Complaint's claims, at bottom, seek to overturn the Judgment and to void the mortgage so that Davis and, presumably, Tanya X. Edward, would own the Residence free and clear of BOA's mortgage lien.

As directed by the Third Circuit in *Great Western*, I give particular emphasis to the second and fourth factors in concluding that the Complaint should be dismissed for lack of subject matter jurisdiction based upon the *Rooker-Feldman* Doctrine. 615 F.3d 159, 166 (3d Cir. 2010). I stress my finding that the Complaint asks me to review and reject the Judgment which was entered in the State Foreclosure Action.

Under Pennsylvania law, a judgment in mortgage foreclosure merges the underlying mortgage into the foreclosure judgment. *City of Philadelphia v. Philadelphia Transload & Logistics, LLC*, 2012 WL 8681526, at *3 (Pa. Cmlth., Mar. 15, 2012). A mortgage foreclosure judgment determines all the matters involved in the right to recover under the mortgage, not only matters that were raised, but also those which might have been raised. *In re Stendardo*, 991 F.2d 1089, 1094-95 (3d Cir. 1993).

I conclude that I lack subject matter jurisdiction over the Complaint because its consideration is barred by the *Rooker-Feldman* Doctrine. This conclusion is dispositive of the Adversary Proceeding, but in the interest of thoroughness, I will briefly address two additional issues raised by Davis.

**D.     Effect of the Discharge in the Chapter 7 Filing on the Judgment**

The Complaint alleges that the Judgment was "discharged in a Chapter 7 filing 2017 without objection." Compl., ¶ 19, p. 5, ECF No. 1.

I have already briefly discussed the general concept that under Pennsylvania law a mortgage is merged into a mortgage foreclosure judgment. *Stendardo*, 991 F.2d at 1095.

7

I take judicial notice that Davis obtained a Chapter 7 bankruptcy discharge on June 2, 2017. This was well after the date upon which the Judgment became final, January 29, 2016. However, respectfully, Davis misapprehends the relief which a bankruptcy discharge provides.

Generally, a discharge under Chapter 7 of the Bankruptcy Code relieves the debtor from personal liability on his obligations. 11 U.S.C. § 727(b). Further, while a bankruptcy discharge relieves a debtor of his *in personam* obligation on a note, it does not discharge the *in rem* mortgage which secures the obligation. *Johnson v. Home State Bank*, 501 U.S. 78, 82, 111 S. Ct. 2150, 2153 (1991) (the Bankruptcy Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy); *see also In re Reed*, 274 B.R. 155, 158 (Bankr. W.D. Pa. 2002).

I conclude that the bankruptcy discharge in the Chapter 7 Filing does not affect the viability of the Judgment or BOA's interest in the Residence.

E. **Alleged Automatic Stay Violation**

The Complaint also alleges a violation of the automatic stay "to pursue litigation in the Monroe County Court PA." Compl., ¶ 12, p. 3, ECF No. 1. I take judicial notice that Judge Thomas entered an order on December 11, 2018, in the Chapter 13 Filing. The order denied a motion for violation of the stay. Proceeding Memo Order, Case No. 5-18-bk-03023, ECF No. 56. Davis had filed a motion alleging that BOA violated the automatic stay, which was imposed by 11 U.S.C. § 362(a). I consider Judge Thomas' unappealed order to be law of the case on any issues regarding an alleged stay violation by BOA. *The St. Thomas-St. John Hotel & Tourism Assn', Inc. v. U.S.*, 357 F.3d 297, 301 (3d Cir. 2004) (the law of the case doctrine bars courts from considering matters actually decided); *In re Broadstripe, LLC*, 534 B.R. 245, 255 (Bankr. D. Del. 2010).

F.  **Should Leave to Amend the Complaint be Granted?**

Typically, when a motion to dismiss is granted, the court will permit an amendment to cure the defect. However, leave to amend is not required where an amendment would be inequitable or futile. *Phillips v. Cty of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *In re Broad Street Media LLC*, 2017 WL 5624879, at *10 (Bankr. D.N.J., Nov. 20, 2017). Allowing amendment of a complaint is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997); *In re Vertis Holdings, Inc.*, 536 B.R. 589, 608 (Bankr. D. Del. 2015).

I have already concluded that each of the allegations sought by Davis are barred by the *Rooker-Feldman* Doctrine and must be dismissed for lack of subject matter jurisdiction. I also conclude that allowing for an amended complaint would be futile. Further, as noted above, the Judgment became final more than three years ago. Allowing for an amended complaint would further delay resolution of this matter. Delay becomes prejudicial when it places an undue burden on a party. *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

IV.  **Conclusion**

The Motion to Dismiss the Complaint for lack of subject matter jurisdiction will be granted, with prejudice.

By the Court,

*/s/ Robert N. Opel, II*

Robert N. Opel, II, Chief Bankruptcy Judge (BI)

March 11, 2019